UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CORDARIUS BONDS, | ) | |
|---|---|---|
| | ) | Case Nos. 1:22-cv-158; 1:17-cr-108 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Cordarius Bonds's motion to set aside, vacate, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:22-cv-58; Doc. 64 in Case No. 1:17-cr-108.) For the following reasons, the Court will **DENY** Petitioner's motion.

I. **BACKGROUND**

On July 25, 2017, a federal grand jury returned a one-count indictment charging Petitioner with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 in Case No. 1:17-cr-108.) On March 16, 2018, Petitioner filed a notice of intent to enter a guilty plea (Doc. 22 in Case No. 1:17-cr-108), and the Government filed a factual basis on March 22, 2018 (Doc. 23 in Case No. 1:17-cr-108). The factual basis filed by the Government, which Petitioner confirmed was accurate during his change-of-plea hearing, provides:

    a)    On March 8, 2017, the Chattanooga Police Department ("CPD") attempted to stop the defendant for a light law and noise ordinance violation. The defendant did not stop his car and engaged in a lengthy pursuit. CPD eventually arrested the defendant and found a firearm and holster in the defendant's waistband.

      b)      The defendant admitted possession of the firearm on at least one recorded telephone call from jail.

      c)      Prior to possessing the firearm the defendant was a convicted felon. The defendant had at least the following felony convictions: Robbery, Reckless Endangerment, Aggravated Burglary (x2), and multiple counts of Aggravated Robbery.

      d)      If this case proceeded to trial an expert would testify that the firearm did travel in and affect interstate commerce.

      e)      The defendant admits that he knowingly possessed a firearm after having been convicted of a felony.

      f)      All of these events occurred in the Eastern District of Tennessee.

(Doc. 23, at 1–2 in Case No. 1:17-cr-108.)

On July 5, 2018, the United States Probation Office for the Eastern District of Tennessee filed Petitioner's Presentence Investigation Report ("PSR"), which classified Petitioner as an Armed Career Criminal subject to a fifteen-year mandatory-minimum sentence pursuant to United States Sentencing Guideline § 4B1.4 and 18 U.S.C. § 924(e) based on prior robbery and aggravated robbery convictions. (Doc. 29, at 12–19, 29.) Petitioner's counsel objected to the PSR, arguing that the Government could not meet its burden to establish that his aggravated robbery convictions were committed on "occasions different" from one another, as required by the Armed Career Criminal Act ("ACCA"). At Petitioner's sentencing hearing, the Court overruled Petitioner's objections to the PSR and sentenced Petitioner to 186 months' imprisonment, to be followed by five years' supervised release. (Docs. 46, 53 in Case No. 1:17-cr-108.)

Petitioner then appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, arguing that, in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his indictment was defective because it did not allege that he knew he was a convicted felon when he committed the underlying firearm-possession offense and because the Court erred

in considering documents identified in *Shepard v. United States*, 544 U.S. 13 (2005) to determine whether his prior offenses were predicates under the ACCA and were committed on different occasions. (Docs. 49, 59 in Case No. 1:17-cr-108.) On June 17, 2020, the Sixth Circuit affirmed Petitioner's conviction and sentence. (Doc. 59 in Case No. 1:17-cr-108.)

After the Supreme Court of the United States denied Petitioner's petition for writ of certiorari (Doc. 63 in Case No. 1:17-cr-108), he timely filed a § 2255 motion (Doc. 64 in Case No. 1:17-cr-108; Doc. 1 in Case No. 1:22-cv-158.) Since filing the initial motion, Petitioner's former and current counsel have supplemented his § 2255 motion (Doc. 81 in Case No. 1:17-cr-108; Docs. 11, 13 in Case No. 1:22-cv-158). In his § 2255 motion and supplements, Petitioner argues (1) the Court must vacate his enhanced sentence under the ACCA based on the Supreme Court's decision in *Wooden v. United States*, 595 U.S. 360 (2022); (2) the Court must vacate his enhanced sentence under the ACCA based on the Supreme Court's decision *Erlinger v. United States*, 602 U.S. 821 (2024); and (3) his ACCA sentence must be vacated because double jeopardy has attached to his guilty plea for violating 18 U.S.C § 922(g)(1). Petitioner's § 2255 motion is ripe for the Court's review.

II. **STANDARD OF LAW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

miscarriage of justice or an egregious error violative of due process."[1] *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. *Wooden v. United States*

Petitioner first argues that the Court should vacate his sentence because, under *Wooden*, it erred in finding that he committed prior ACCA-predicate robbery offenses on occasions different from one another. (Doc. 1, at 7 in Case No. 1:22-cv-158; Doc. 64, at 7 in Case No. 1:17-cr-108.)

The ACCA mandates a fifteen-year mandatory minimum sentence for unlawful gun possession when the offender has three or more convictions for violent felonies "committed on occasions different from one another." *Wooden*, 595 U.S. at 363 (quoting 18 U.S.C. § 924(e)(1)); *see also United States v. Campbell*, 122 F.4th 624, 628 (6th Cir. 2024). As the Supreme Court instructs, determining whether prior felonies were committed on different occasions "will be straightforward and intuitive," noting that "time or place" can "decisively differentiate occasions" and that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Wooden*, 595 U.S. at 370 (citations and internal quotations omitted). Additionally, the "occasions" inquiry is "multi-factored" and entails considering facts such as "timing," "proximity of location," and the "character and relationship of the offenses." *Id*. at 369. Conversely, however, the Supreme Court explained that "occasion" means "essentially an

---

[1] In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). In this case, an evidentiary hearing is not needed because the record conclusively shows that the Petitioner is not entitled to relief.

episode or event" and "multiple crimes may occur on one occasion even if not at the same moment." *Id*. at 366 (holding that ten burglaries committed at a single storage facility on one evening constituted one "occasion" not ten).

Petitioner's argument that the Court should vacate his sentence under *Wooden* fails because the Supreme Court's decision is not retroactively applicable to cases on collateral review. *See Mitchell v. United States*, 43 F.4th 608, 617 (2022) ("*Wooden* decided a matter of statutory interpretation, not constitutional law."); *Culbertson v. Gomez*, No. 22-5659, 2023 WL 9423008, at *2 (6th Cir. Sept. 12, 2023) (declaring that "*Wooden* . . . is a case of statutory interpretation and did not announce a new rule of constitutional law made retroactive to cases on collateral review"); *see also Weaver v. United States*, No. 23-12914, 2024 WL 4102025 (11th Cir. Mar. 25, 2024); *Bawgus v. United States*, No. 2:22-CV-00132-JRG-CRW, 2024 WL 3837752, at *4 (E.D. Tenn. Aug. 15, 2024).

Moreover, even if *Wooden* applied retroactively on collateral review, Petitioner's argument still fails because he still has at least three ACCA predicates committed on separate occasions. Petitioner's predicate robbery convictions were committed on March 25, 2008, September 9, 2010, and September 10, 2010. (*See* Doc. 1-1 in Case No. 1:22-cv-158; *see also* Doc. 29, at 12–18 in Case No. 1:17-cr-108.) The September 9, 2010 robbery and the September 10, 2010 robbery were committed at two separate locations. (*See* Doc. 1-1 in Case No. 1:22-cv-158; *see also* Doc. 29, at 12–18 in Case No. 1:17-cr-108.) Under these circumstances, and based on the information in Petitioner's *Shepard* documents, there was more than sufficient information for the Court to determine that the "timing," "proximity of location," and the "character and relationship of the offenses" support the conclusion that these three robberies

occurred on different "occasions," such that Petitioner was subject to an enhanced sentence under the ACCA.

Finally, Petitioner did not receive ineffective assistance of appellate counsel based on counsel's failure to raise the different-occasions issue on direct appeal. To collaterally attack a conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As discussed above, there was sufficient evidence in the record for the Court to determine that Petitioner committed three ACCA-predicate offenses on different occasions. As a result, appellate counsel's decision not to raise that argument on direct appeal does not qualify as falling below objective standard of reasonableness under *Strickland*. And, to the extent Petitioner argues that he received ineffective assistance of appellate counsel based on counsel's failure to raise arguments that were later successful in *Wooden*, that argument fails because "errors such as failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel." *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986). Accordingly, the Court will deny Petitioner's § 2255 motion to the extent he argues that the Court must vacate his sentence under *Wooden* or that he received ineffective assistance of

6

Case 1:22-cv-00158-TRM-CHS    Document 18    Filed 07/30/25    Page 6 of 9    PageID #: 124

appellate counsel based on counsel's failure to raise the "different occasions" argument on direct appeal.

### B. *Erlinger v. United States*

Petitioner has also moved the Court to vacate his enhanced sentence under the ACCA, arguing that his ACCA sentence is unconstitutional after the Supreme Court's decision in *Erlinger*. (*See* Doc. 13 in Case No. 1:22-cv-158.) In *Erlinger*, which was decided after Petitioner's conviction and sentence became final, the Supreme Court held that the Fifth and Sixth Amendments require a unanimous jury to determine to determine whether a defendant's past offenses were committed on separate occasions. 602 U.S. 833–35. Noting that the Court made the determination that his past offenses were committed on separate occasions, Petitioner argues that his enhanced sentence under the ACCA is unconstitutional and must be vacated. (*See* Doc. 13 in Case No. 1:22-cv-158)

Petitioner, however, is not entitled to relief under § 2255, because the Supreme Court's holding in *Erlinger* is not retroactive on collateral review. "New rules announced by the Supreme Court apply 'only in limited circumstances' to 'convictions that are already final.'" *Johnson v. United States*, Case No. 1:24-cv-731966, 2025 WL 731966, at *10 (W.D. Mich. Mar. 7, 2025) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004)). "[S]ubstantive rules generally apply retroactively," which include "rules forbidding criminal punishment of certain primary conduct" and "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense."[2] *Id*. (quoting *Montgomery v. Louisiana*, 577 U.S.

---

[2] As another district court explained:

> In *Montgomery*, the Court defined substantive rules as those that set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose. . . . For example, in *Montgomery*, the Supreme Court concluded that the new rule announced in *Miller*

190, 198 (2016)). "New procedural rules, however, 'generally do not apply retroactively.'" *Id*. (quoting *Schriro*, 542 U.S. at 352)). "New procedural rules include those rules 'that regulate only the *manner of determining* the defendant's culpability.'" *Id.* (quoting *Schriro*, 542 U.S. at 352 (emphasis in original)). The Supreme Court gives "retroactive effect to only a small set of watershed rules of criminal procedure implicating fundamental fairness and accuracy of the criminal proceeding." *Johnson,* 2025 WL 731966, at *10. Moreover, "[i]t is not enough that a new procedural rule be fundamental; the rule must be one without which the likelihood of an accurate conviction is seriously diminished." *Id*.; *see also Teague v. Lane*, 489 U.S. 288 (1989) (explaining the framework for determining when rules apply retroactively to final criminal judgments).

Applying the foregoing standards, the overwhelming majority of district courts to have considered the effect of *Erlinger* have determined that it is not a new substantive rule and is not a "watershed rule of criminal procedure," and, as a result, it is not retroactively applicable to cases on collateral review. *See*, *e.g.*, *Ursery v. United States*, No. 3:22-CV-00776, 2024 WL 4652209, at *4 (M.D. Tenn. Nov. 1, 2024); *see also Johnson*, 2025 WL 731966, at *11 (collecting cases). The Court agrees with these district courts that *Erlinger* constitutes a new procedural rule that regulates the manner of determining whether a defendant is eligible for an enhanced sentence under the ACCA. Accordingly, *Erlinger* is not retroactively applicable to cases on collateral review and does not provide a basis for relief under § 2255. *See also Erlinger*, 602 U.S. at 859

---

*v. Alabama*—prohibition on imposing mandatory life without parole for juvenile offenders—was a new substantive rule that applied retroactively to cases on collateral review.

*Johnson,* 2025 WL 731966, at *10.

n. 3 (Kavanaugh J., dissenting) ("For any case that is already final, the *Teague* rule will presumably bar the defendant from raising [*Erlinger's*] new rule in collateral proceedings."). As a result, the Court will **DENY** Petitioner's § 2255 motion to the extent he argues that the Court must vacate his sentence based on the Supreme Court's decision in *Wooden*.

### C. Double Jeopardy

Lastly, Petitioner argues that the Court's enhanced sentence under the ACCA violates the Fifth Amendment's Double Jeopardy Clause. "The Double Jeopardy Clause provides that no person shall be subject for the same offence to be twice put in jeopardy of life or limb." *United States v. Thomas*, No. 22-6067, 2025 WL 1823124, at *5 (6th Cir. July 2, 2025) (quoting U.S. Const. amend. V). "It offers three distinct but related protections. A defendant may not be subject to (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, or (3) multiple punishments for the same offense." *Id*. None of these situations is present in this case, and the Sixth Circuit's decision in *Thomas* forecloses Petitioner's argument. *Id*. at *7–8 (holding on direct appeal that an *Erlinger* error was subject to harmlessness review and that the Double Jeopardy Clause did not operate to bar his enhanced sentence under the ACCA).

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:22-cv-158; Doc. 64 in Case No. 1:17-cr-108) is **DENIED**.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**